UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

-vs-

D-1   TAYLOR F. CHURCHWARD,

          Defendant.

_____/

2:21-cr-20527
Judge: Berg, Terrence G.
MJ: Altman, Kimberly G.
Filed: 08-17-2021

Vio: 18 U.S.C. § 1343

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

1. Defendant Taylor F. Churchward was a niece of SR, her mother's sister. In 2016, SR resided in Chevy Chase, Maryland, and defendant resided not far away in Annapolis, Maryland. SR was 75 years old.

2. In the summer of 2016, defendant worked part-time for SR as her personal assistant. Among other things, defendant ran errands for SR, drove her to appointments, and helped SR pay her bills. In the course of performing those duties, defendant saw some of SR's financial documents and financial account numbers.

3. In approximately in October 2016, defendant moved back to Ann Arbor, Michigan. At about the same time, SR began the process of moving to California.

## COUNT 1
### (18 U.S.C. § 1343 – Wire Fraud)

D-1   TAYLOR F. CHURCHWARD

4. From approximately September 2016 through approximately March 2020, in the Eastern District of Michigan and elsewhere, TAYLOR F. CHURCHWARD, defendant herein, did knowingly plan and carry out a scheme to defraud SR and Comerica Bank and to obtain and deprive them of money and property by means of false and fraudulent pretenses and representations.

5. It was a part of the scheme that defendant would, starting in September 2016 and without SR's knowledge or consent, gain access to SR's asset management account at Comerica Bank by electronic means and cause some of SR's funds to be withdrawn and transferred electronically to Chase Bank to pay down her credit card accounts there. Defendant would continue to divert SR's funds to pay down her Chase Bank credit card accounts until October 2019, when Chase Bank closed those accounts.

6. It was also a part of the scheme that defendant would, starting in January 2020 and without SR's knowledge or consent, gain access to SR's asset management account at Comerica Bank by electronic means and cause some of

SR's funds to be transferred electronically to Capital One Bank to pay down her credit card account there. This diversion of SR's funds ended in approximately March 2020.

7. It was a part of the scheme that defendant would hold herself out as SR or an authorized agent of SR when communicating electronically with Comerica Bank with respect to SR's asset management account at Comerica Bank when, in fact, as defendant well knew, she was neither SR nor an authorized agent of SR.

8. Altogether, defendant was able to transfer approximately $454,000.00 from SR's account at Comerica Bank to her credit card accounts at Chase Bank and Capital One Bank.

9. On numerous occasions during the course of her scheme and in furtherance of her scheme, **TAYLOR F. CHURCHWARD**, defendant herein, did on a regular basis knowingly cause electronic communications to be transmitted in interstate commerce, which were transmitted from her smart phone and/or laptop computer in the Eastern District of Michigan to one or more computer servers of Comerica Bank located outside of the State of Michigan.

All in violation of Section 1343 of Title 18 of the United States Code.

## FORFEITURE ALLEGATIONS
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)

10. The allegations set forth above in Paragraphs 1-9 are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461.

11. As a result of the forgoing violation of 18 U.S.C. § 1343, as set forth in Count 1 of this Information, defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

12. *Substitute Assets*:  Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the United States of America shall be entitled to forfeiture of substitute property up to the value of the above forfeitable property if, by any act or omission of the defendant, the above forfeitable property or any portion thereof

  A. cannot be located upon the exercise of due diligence;

  B. has been transferred or sold to, or deposited with, a third party;

  C. has been placed beyond the jurisdiction of the court;

  D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty.

                                              SAIMA S. MOHSIN
                                              Acting United States Attorney

                                              s/John K. Neal
                                              JOHN K. NEAL
                                              Assistant United States Attorney
                                              Chief, White Collar Crime Unit

                                              s/Stephen L. Hiyama
                                              STEPHEN L. HIYAMA
                                              Assistant United States Attorney
                                              211 West Fort Street, Suite 2001
                                              Detroit, Michigan   48226
                                              phone:   313-226-9674
                                              email:   stephen.hiyama@usdoj.gov
Date:  August 17, 2021                 bar no.:  P32236

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes   ☒ No | **AUSA's Initials:** SLH |

**Case Title:** USA v. TAYLOR F. CHURCHWARD

**County where offense occurred:** Washtenaw

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

    ____Indictment/__✓__Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [Case number:                    ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

August 17, 2021
Date

Stephen L. Hiyama
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9674
Fax:   313-226-0816
E-Mail address: stephen.hiyama@usdoj.gov
Attorney Bar #: P32236

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.